UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | No. 2:19-CR-00015-JRG-CRW-1 |
| | ) | |
| ALEX LORENZO ROBINSON | ) | |

**MEMORANDUM OPINION AND ORDER**

Before the Court is Defendant's pro se motion for compassionate release[1] [Doc. 74] as supplemented [Docs. 77, 78, 82, 83]. The United States has responded in opposition [Docs. 76, 80, 81]. For the reasons that follow, the motion will be denied.

**I.     BACKGROUND**

In January of 2020, Defendant was sentenced to 180 months of imprisonment based on his conviction for conspiracy to distribute 280 grams or more of cocaine base [Doc. 70]. The Defendant is presently housed at USP Yazoo City, and according to the Bureau of Prisons ("BOP"), his projected release date is in December of 2031. *See* Inmate Locator, Bureau of Prisons, https//www.bop.gov.inmateloc/ (last visited April 20, 2022). He moves for compassionate release based on COVID-19 and his underlying health conditions.

---

[1] Defendant entitles his motion "Request for Home-Confinement per the recent order of Attorney General Anthony Barr Per the Care's Act/ Compassionate Release" [Doc. 74]. The Bureau of Prisons, not the Court, has authority to transfer Defendant to home confinement pursuant to the CARES Act or otherwise. *See* 18 U.S.C. § 3621(b) ("The Bureau of Prisons shall designate the place of the prisoner's imprisonment . . ."). Therefore, the Court has construed Defendant's motion purely as a request for compassionate release. Indeed, in a supplemental filing Defendant cites 18 U.S.C. § 3582(c)(1)(A)(i) as the basis for his motion [*See* Doc. 83].

## II. LEGAL STANDARD

"[O]nce a court has imposed a sentence, it does not have the authority to change or modify that sentence unless such authority is expressly granted by statute." *United States v. Thompson*, 714 F.3d 946, 948 (6th Cir. 2013) (quoting *United States v. Curry*, 606 F.3d 323, 326 (6th Cir. 2010)). Section 3582(c)(1)(A)(i) of Title 18, United States Code authorizes district courts to consider defendant motions for sentence reduction based on "extraordinary and compelling reasons."

Before seeking compassionate release from the court, a defendant must first "exhaust the BOP's administrative process" or wait "thirty days after the warden has received the compassionate release request—whichever is earlier." *United States v. Jones*, 980 F.3d 1098, 1105 (6th Cir. 2020). Exhaustion of administrative remedies is a "mandatory condition" for defendant-filed motions for compassionate release. *United States v. Alam*, 960 F.3d 831, 833 (6th Cir. 2020). However, because the administrative exhaustion requirement operates as a "claim processing rule," it may be waived or forfeited by the Government. *Id*. at 833–34.

If the exhaustion requirement has been met, a court may grant a motion for compassionate release if (1) "extraordinary and compelling reasons merit a sentence reduction," (2) the reduction is "consistent with applicable policy statements issued by the Sentencing Commission," and (3) the court has "considered the factors . . . in 18 U.S.C. § 3553(a), to the extent that they apply." § 3582(c)(1)(A). However, when the defendant, rather than the BOP, files a motion for compassionate release, the court "may skip step two of the [Section] 3583(c)(1)(A) inquiry" and has "full discretion to define 'extraordinary and compelling circumstances' without consulting the policy statement in [U.S.S.G.] § 1B1.13.'" *United States v. Jones*, 980 F.3d 1098, 1111 (6th Cir.

2020). A motion for compassionate release may be denied when one of the substantive requirements is not met. *See United States v. Elias*, 984 F.3d 516, 519 (6th Cir. 2021).

**III.    ANALYSIS**

Defendant submitted a compassionate release request to the warden at his prison in February of 2021 [Doc. 83-2]. Thus, the Court finds that it has authority under § 3582(c)(1)(A) to address the merits of Defendant's motion.

As noted above, Defendant seeks compassionate release based on his health conditions and the COVID-19 pandemic. He is 40 years old and suffers from obesity, hypertension, hyperlipidemia, anxiety disorder, depression, and PTSD, as reflected in his medical records from BOP [Doc. 77, at 1, 46; Doc. 81, at 74]. Of Defendant's conditions, the Centers for Disease Control ("CDC") has concluded that obesity and mood disorders, including depression, "can" increase the risk of serious illness from COVID-19. *See* People with Certain Medical Conditions, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited April 20, 2022). The same is "possibly" true of hypertension. *Id.* Thus, Defendant may be at some increased risk of serious illness from COVID-19.

However, obesity, hypertension, and mood disorders are not uncommon conditions. Significantly, Defendant is fully vaccinated [Doc. 81, at 77, 115–116]. A defendant's "access to the COVID-19 vaccine substantially undermines his request for a sentence reduction" because "with access to the vaccine, an inmate largely faces the same risk from COVID-19 as those who are not incarcerated." *United States v. Lemons*, 15 F.4th 747, 751 (6th Cir. 2021). Moreover, COVID-19 appears to be fairly well controlled at Defendant's prison. USP Yazoo City currently reports only one inmate case and zero staff cases of COVID-19. *COVID-19: Coronavirus*, Bureau of Prisons, http://bop.gov/coronavirus/ (last visited April 20, 2022).

The Court acknowledges the supportive letters that Defendant's son and friend submitted on his behalf [Doc. 78, at 2–3; Doc. 82]. However, given the common nature of Defendant's medical conditions, his vaccination, and the absence of a COVID-19 outbreak at his prison, the Court does not find that Defendant's health concerns present an extraordinary and compelling reason for his release.

Because the requirement of extraordinary and compelling reasons has not been met, the Court need not consider the factors under 18 U.S.C. § 3553(a). *Elias*, 984 F.3d at 519.

## IV. CONCLUSION

For the reasons set forth above, Defendant's pro se motion for compassionate release [Doc. 74] is **DENIED**.

So ordered.

ENTER:

s/J. RONNIE GREER  
UNITED STATES DISTRICT JUDGE